IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-137M MPT |
| ) | |
| MARLENE ANN WRIGHT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Adam Safwat, Assistant United States Attorney for the District of Delaware, and the defendant, MARLENE ANN WRIGHT, by and through her attorney, Christopher S. Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty to Count One of an Information charging her with a misdemeanor violation of Title 18, United States Code, Section 1012. This offense carries a maximum penalty of one year imprisonment, a $100,000 fine, one year of supervised release, restitution, or any and all of the above, and a special assessment of $25.

2. The defendant knowingly, voluntarily and intelligently admits the following facts: The defendant did knowingly and willfully, and with intent to defraud the U.S. Department of Housing and Urban Development, falsely certified income statements that she submitted between November 1999 and July 2003 for the purpose of receiving federal Section 8 rental assistance. As a result of the defendant's false certifications, the defendant received $26,662 in federal Section 8

rental assistance payments to which defendant was not entitled had defendant truthfully reported her income during the foregoing time period.

3. If the Court orders the defendant to pay restitution to the U.S. Department of Housing and Urban Development, or as the Department may direct such restitution to be made, the defendant agrees that the appropriate amount of restitution is $26,662.

4. The defendant also agrees to pay the $25 special assessment on the day of sentencing.

5. The United States agrees to a two-level reduction under U.S.S.G. § 3E1.1(a), provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility.

6. The defendant recognizes that the Sentencing Court, in exercising its discretion, will consider the federal sentencing guidelines and other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The defendant further understands that the Government will recommend that the Sentencing Court impose a sentence consistent with the sentencing range recommended by the federal sentencing guidelines. The defendant recognizes that the final determination of the defendant's sentence will be made by the Sentencing Court. The defendant further understands that the Sentencing Court is not bound by

7. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including an appeal. The parties realize that the Court is not bound by any stipulations and/or recommendations made by the parties.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

|  |  |
|---|---|
| /s/ Christopher S. Koyste<br>Christopher S. Koyste, Esquire<br>Attorney for Defendant | COLM F. CONNOLLY<br>United States Attorney<br><br>By: /s/ Adam Safwat<br>Adam Safwat<br>Assistant United States Attorney |
| /s/ Marlene Ann Wright<br>Marlene Ann Wright<br>Defendant |  |

Dated: 3-16, 2005

\* \* \*

**AND NOW**, this _____ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE MARY PAT THYNGE
United States Magistrate Judge
District of Delaware

3